## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **WILLIAM CARR, Inmate #A-75014,** )  | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | **CIVIL NO. 07-777-GPM** |
| ) | |
| **TYRONE MURRAY, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff, a prisoner in the Pontiac Correctional Center, has filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983. He seeks to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 (Doc. 3), and he also has filed a petition for leave to file civil rights complaint (Doc. 1). In his petition for leave to file, he states that he has just two strikes against him rather than three; he asserts that the alleged third strike was lifted when the Seventh Circuit recalled the mandate in another case.

After reviewing Plaintiff's litigation history, the Court finds that he has had at least three prisoner actions dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. *See, e.g., Carr v. Harry,* Case No. 01-cv-5203 (N.D. Ill., filed Dec. 20, 2001) (dismissed for failure to state a claim); *Carr v. Urban*, Case No. 81-cv-2318 (C.D. Ill., dismissed for failure to state a claim, June 11, 1982); *Carr v. Gottfried*, Case No. 82-cv-5241 (N.D. Ill., dismissed for failure to state a claim, Nov. 17, 1982).[1]

---

[1] None of these cases are related to the case Plaintiff cites as his "recalled" strike; that case is *Carr v. Whittenburg*, Case No. 01-cv-625-DGW (S.D. Ill., filed Sept. 20, 2001).

Page 1 of 2

Dockets.Justia.com

As Plaintiff knows, a prisoner may not bring a civil action or appeal a civil judgment under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Section 1915(g) requires that this Court consider prisoner actions dismissed prior to, as well as after, the PLRA's enactment. *See Evans v. I.D.O.C.,* 150 F.3d 810, 811 (7th Cir. 1998); *Abdul-Wadood v. Nathan,* 91 F.3d 1023 (7th Cir. 1996). As stated above, Plaintiff has accumulated at least three strikes, and the allegations in the instant complaint do not show that Plaintiff is under imminent danger of serious physical injury. *See Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003).

**IT IS THEREFORE ORDERED** that the motion for leave to proceed *in forma pauperis* and the petition for leave to file are **DENIED**

**IT IS FURTHER ORDERED** that Plaintiff shall pay the full filing fee of $350 for this action within **FIFTEEN (15) DAYS** of the entry of this Order.

**IT IS FURTHER ORDERED** that if Plaintiff does not comply with this Order in the time allotted, this case will be closed for failure to comply with an order of this Court. FED.R.CIV.P. 41(b); *see generally Ladien v. Astrachan,* 128 F.3d 1051 (7th Cir. 1997)*; Johnson v. Kamminga,* 34 F.3d 466 (7th Cir. 1994).

**IT IS SO ORDERED.**

DATED:  11/07/07

s/ G. Patrick Murphy
G. Patrick Murphy
United States District Judge